**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| JARROD O. SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:26-cv-200 |
| | ) | |
| | ) | |
| v. | ) | Removal from the Circuit Court of Cook County, Illinois |
| ALLIED UNIVERSAL SERVICES, INC. | ) | |
| AND NIPPON EXPRESS USA, INC., | ) | |
| | ) | Case No.:  2025 L 013879 |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NIPPON EXPRESS USA INC.'S NOTICE OF REMOVAL**

Defendant NIPPON EXPRESS USA, INC. ("NEU") by and through its undersigned counsel, in accordance with 28 U.S.C. §§ 1331, 1441 and 1446, files this Notice of Removal of the civil action titled *Jarod O. Sanders v. Allied Universal Service Inc. and Nippon Express USA Inc.,* Case No. 2025L013879, currently pending in the Circuit Court of Cook County Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of its Notice of Removal, NEU states as follows:

1.      On or about December 11, 2025, Plaintiff JARED O. SANDERS ("Plaintiff") served NEU with a copy of the Summons and Complaint. As required under 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served on NEU are attached hereto as Exhibit A.

2.      This removal, pursuant to 28 U.S.C. § 1441, is based on federal question jurisdiction under 28 U.S.C. § 1331.

3.      Federal question jurisdiction is established because Plaintiff has alleged violations of federal law in his Complaint.

4.      NEU timely files this removal in accordance with 28 U.S.C. §§ 1441 and 1446, within 30 days after NEU was served with a summons and Plaintiff's Complaint.

5. The Complaint appears to have four (4) counts including: (i) race discrimination; (ii) sex discrimination; (iii) retaliation; and (iv) hostile work environment. Each of the counts are directed at both Defendants Allied Universal Service, Inc. and NEU. *See generally* Exhibit A.

6. Attached to the Complaint is a Statement of Emotional Distress and Mental Anguish, in which Plaintiff states that he "bring[s] this action under Title VII of the Civil Rights Act of 1964 . . . " . *See* Exhibit A.

### FEDERAL QUESTION

7. Where the basis of removal is federal question jurisdiction, the plaintiff's cause of action must "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In order to arise under federal law, a claim must either "plead[ ] a cause of action created by federal law" or be a state law claim "that implicate[s] significant federal issues." *Orbitz, LLC v. Worldspan, L.P.*, 425 F. Supp. 2d 929, 932 (N.D. Ill. 2006) (internal citations omitted).

8. "[R]emoval is proper over any action that could have been filed originally in federal court." *Tylka v. Gerber Prods. Co.,* 211 F.3d 445, 448 (7th Cir. 2000). If any of the plaintiff's claims are removable, the entire case may be removed on the basis of supplemental jurisdiction. *Orbitz*, 425 F. Supp. at 931. See 28 U.S.C. §1367.

9. In Counts I-IV of the Complaint, Plaintiff alleges Defendants subjected him to race discrimination, sex discrimination, retaliation, and hostile work environment in violation of the Illinois Human Rights Act. Plaintiff seemingly alleges the same causes of action under Title VII. *See generally* Exhibit A.

10. This Court has original jurisdiction over the causes of action brought under Title VII pursuant to 28 U.S.C. §1331. This Court has supplemental jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1367(a) because the claims are based on the same set of facts. *See Bailey v. City of Chicago*, 779 F.3d 689, 696 (7th Cir. 2015); *see also generally* Exhibit A.

**ALL OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

11.    Under 28 U.S.C. §§ 1441(a) and 1446(a), the U.S. District Court for the Northern District of Illinois is the appropriate court for removing an action from the Circuit Court of Cook County, Illinois, where this action was filed.

12.    Promptly after filing its removal, NEU provided written notice to Plaintiff and Allied Universal Service Inc. and filed a copy of its removal notice with the Clerk of the Circuit Court of Cook County, Illinois, as required under 28 U.S.C. §1446(d).

**RESERVATION OF RIGHTS**

13.    NEU's filing of this Notice of Removal is not intended, nor should be construed, as any type of express or implied admission by NEU of any fact, of the validity or merits of any of Plaintiff's claims and allegations, or of any liability for the same, all of which is/are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Plaintiff's rights, claims, remedies, and defenses in connection with this action, all of which are hereby expressly reserved.

**WHEREFORE**, Defendant NIPPON EXPRESS USA, INC. respectfully requests the removal of this action from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division.

4

Dated: January 8, 2026

Respectfully submitted,

NIPPON EXPRESS USA, INC.

By:   /s/ *Carissa A. Townsend*
      One of Its Attorneys

John M. Dickman (ARDC # 6210329)
Carissa A. Townsend (ARDC # 6330553)
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
155 N. Wacker Drive, Suite 4300
Chicago, IL 60606-1731
*John.Dickman@ogletree.com*
*Carissa.Townsend@ogletree.com*
(312) 558-1220

## <u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on January 8, 2026, a copy of the foregoing *Notice of Removal* was served by electronic mail and first class U.S. Mail, postage prepaid, upon the following:

Jarrod O. Sanders
3028 W. 40th Street
Chicago, IL 60632
jsanders_18@yahoo.com

***Pro Se Plaintiff***

Allied Universal Services, Inc.
303 E. Wacker Drive
Chicago, IL 60601

***Defendant Allied Universal Services, Inc.***

The undersigned attorney certifies that on January 8, 2026 a copy of the foregoing *Notice of Removal* was filed electronically with the Office of the Clerk of the Circuit Court for Cook County, Illinois.

*/s/ Carissa A. Townsend*
One of the Attorneys for Defendant,
**NIPPON EXPRESS USA, INC.**